TRIANTAFILOS v. UNITED STATES et al.

No. 303 of 1947.

United States District Court
E. D. Pennsylvania.
June 16, 1949.

966

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

KIRKPATRICK, Chief Judge.

The question presented is a rather close one but I think, on the whole, that the libellant is entitled to maintenance and cure for a period of ten months after June 7, 1947. The libellant's hand was crushed by the wheel of a freight car on December 26, 1946. No claim is made for maintenance and cure for the period between the date of the accident and June 7, 1947, when he was discharged from the hospital. On that date some of the broken bones had not properly united but a fibrous union had been established and the condition of the hand was almost, but not quite, stabilized. He had 25 to 50 per cent of the use of his hand.

When he left the hospital he was given a rubber ball and a bottle and told to exercise his hand by gripping these objects and to bathe it in hot water, which directions he had followed. Actually, the hand is no better than it was then, and no further improvement can be expected without surgery.

As to whether improvement in his condition could have been expected, Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, to result from the prescribed self-treatment, the libellant's medical expert testified as follows: "Q. How long would you say that type of treatment is calculated to assist the improvement of the hand and wrist injured like his was? A. Well, we usually recommend that for ten to twelve months after such an injury, figuring that if there is any possible return of function during that time he will obtain that return, so I guess about ten months would be the period of time in which we could expect any further return, from the time of his injury." The respondent's expert testified: "It is probably within the first year or two that he will get the most improvement, the maximum improvement, but there will be still some changes take place there. Q. Would you recommend that a man continue to exercise his hand following an injury that he sustained in December of 1946 to today at the present time, January 1949? A. Yes, sir."

The duration of a seaman's right to maintenance and cure is measured by "a fair time after the voyage in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing, care, and medical treatment." Calmar Steamship Corp v. Taylor, supra [303 U.S. 525, 58 S.Ct. 654]. The libellant in this case was advised by his physician to administer self-treatment in an attempt to improve the condition of his hand and has done so. Such treatment was reasonably expected to accomplish this result. It happens that the treatment failed but I do not think that this failure bars his recovery because the basis of cure and maintenance is that the ship must make all reasonable efforts to effect a cure, and the fact of success or failure has nothing to do with the obligation. Nor do I think it material that the care of the hand was left to the seaman himself rather than administered by a physician. It would be unreasonable to require the injured man to go from time to time to a hospital or a physician's office for treatment which he can administer just as well himself.

I find that, with this treatment, ten months is a fair time after the voyage in which improvement could reasonably be expected. The libellant's medical expert testified that improvement could be expected

from such exercise for a period of ten to twelve months after the injury. However, I believe the sense of his testimony to be that this period began to run from the time he could begin the treatment. The respondent's expert testified that maximum improvement would occur in from one to two years. Considering all of the testimony, I feel that a period of ten months from June 7, 1947, is proper.

An order may be submitted in accordance with the foregoing.

The foregoing opinion states all relevant facts and the only necessary conclusion of law. The requests, therefore, need not be answered.